**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **CLARENCE JOSEPH MATHEWS, JR.**<br>**D.O.C. # 616109** | **DOCKET NO. 6:24-cv-1597**<br>**SECTION P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **VERMILION PARISH SHERIFFS DEPT., ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Clarence Joseph Mathews, Jr. on November 15, 2024. Doc. 1. Mathews is an inmate in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the Vermilion Parish Jail in Abbeville, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**I.     STATEMENT OF THE CASE**

According to his complaint, plaintiff was "discriminated and profiled against" on October 30, 2024, by the defendants during a traffic stop.

**II.    LAW AND ANALYSIS**

*A.  Frivolity Review*

Mathews was granted leave to proceed in forma pauperis. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.  This conclusion must be supported by specific factual allegations stating the following:

(1)  the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3)  the place and date(s) that each event occurred; and

(4)  a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend his complaint to comply with Rule 8.

### C.  Equal Protection

It seems that plaintiff intends to make a claim under the Equal Protection Clause.  "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) 'a state actor intentionally discriminated against [him] because of membership in a protected class [,]'" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted), or (b) she has been "intentionally treated differently from others similarly situated and that there is no rational basis

for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). To the extent he seeks to make an equal protection claim, Mathews should amend to allege facts to establish a claim under the Equal Protection Clause.

### III. CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

**THUS DONE AND SIGNED** in chambers this 14th day of January, 2025.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**